UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| COORDINATED CARE CORPORATION, et al., | CASE NO. C17-1180 MJP |
|---|---|
| Plaintiffs, | ORDER ON |
| v. | (1) DISBURSEMENT OF FUNDS |
| QLIANCE MEDICAL GROUP OF WASHINGTON PC, et al., | (2) PLAINTIFF'S ATTORNEY FEES |
| Defendants. | (3) MOTION FOR DISCOVERY |

The above-entitled Court, having received and reviewed:

1. Stipulated Motion for Disbursement of Funds (Dkt. No. 42), Response to Stipulated Motion to Disburse Interplead Funds (Dkt. No. 46), Reply in Support of Stipulated Motion to Disburse Interplead Funds (Dkt. No. 48), Supplemental Reply in Support of Stipulated Motion to Disburse Interplead Funds (Dkt. No. 51), Reply in Further Support of Stipulated Motion to Disburse Interplead Funds (Dkt. No. 55), and First

|   |   |
|---|---|
| 1 | Premier Funding, LLC's Supplemental Reply to Plaintiff's Motion for an Award of |
| 2 | Attorneys' Fees and Costs (Dkt. No. 58); |
| 3 | 2. Defendant's Motion for Discovery and Inspection of Evidence (Dkt. No. 57), |
| 4 | Plaintiff's Objection to Defendant's Motion for Discovery and Inspection of Evidence |
| 5 | (Dkt. No. 60); |
| 6 | all attached declarations and exhibits; and relevant portions of the record, rules as follows: |
| 7 | IT IS ORDERED that Plaintiff's reasonable attorneys' fees and costs shall be paid, in the |
| 8 | manner described below. |
| 9 | IT IS FURTHER ORDERED that, after Plaintiff's attorneys' fees and costs are paid, |
| 10 | First Premier Funding's claim shall be paid to the extent funds are available from the interplead |
| 11 | funds, up to the amount of $46,584.52. Such funds shall be made payable to First Premier |
| 12 | Funding, LLC and disbursed and mailed to Laurin S. Schweet, Schweet Linde & Coulson, |
| 13 | PLLC, 575 S. Michigan St., Seattle, WA 98108. |
| 14 | IT IS FURTHER ORDERED that after payment and disbursement to First Premier |
| 15 | Funding, any balance remaining from the interplead funds shall be paid toward the claim of the |
| 16 | Washington Department of General Revenue, and disbursed and mailed to Zachary Mosner, |
| 17 | Washington State Attorney General, 800 5th Avenue, Suite 2000, Seattle, WA 98104-3188. |
| 18 | IT IS FURTHER ORDERED that Defendant's Motion for Discovery and Inspection of |
| 19 | Evidence is STRICKEN as untimely. |
| 20 | **<u>Background</u>** |
| 21 | Plaintiff Coordinated Care Corporation ("Coordinated Care") filed this interpleader |
| 22 | action, claiming that it had calculated a remaining amount of $75,000 owing from the |
| 23 | agreements it had with certain (now defunct) healthcare providers and wishing to avoid liability |
| 24 |   |

claims from the multitude of parties who claimed an interest in the funds. This order concerns all or part of three motions filed in this matter.

The first was Plaintiff's Motion for Leave to Deposit Funds, to Dismiss and Discharge Liability, and for an Award of Attorneys' Fees and Costs (Dkt. No. 38), which was filed on November 16, 2017 and noted for December 8, 2017. No objections were filed by the noting date and, on December 14, 2017, the Court entered an order granting the motion: Plaintiff was ordered to deposit $75,000 into the Court's Registry, advised that it would be dismissed with prejudice and discharged from further liability upon depositing those funds and told to submit "appropriate documentation" of fees and costs within 15 days.

The day after that order was entered, the Court received objections to the motion to deposit funds. The objections were filed by Dr. Erika Bliss, who is a named *pro se* defendant. Dr. Bliss objected to the $75,000 figure claimed by Plaintiff as the final amounts owing under the old agreements, accused the Chief Operating Office of Coordinated Care (whose declaration accompanied the motion) of committing perjury and demanded that Plaintiff produce proof of the amount it claim it owed. (*See* Dkt. No. 45; Response to Plaintiff's Motion.) It was often unclear in her pleading whether Dr. Bliss was speaking for herself or trying to (improperly) represent Defendant Qliance Medical Group, but it is moot in any event – the pleading was late-filed (by well over a week), and the order had already been entered. Dr. Bliss filed no motion for reconsideration.

In the meantime, on December 12, 2017, a "Stipulated Motion for Disbursement of Funds" was filed by Defendants First Premier Funding and the State of Washington Department of Revenue. (Dkt. No. 42). Shortly after that, Plaintiff's counsel filed a declaration for

attorneys' fees which requested (without any documentation) that they be awarded $35,445.81, nearly half the amount of the interplead funds. First Premier objected and the Court entered a further order requiring Plaintiff's attorneys to submit more detailed documentation regarding their fee request. (Dkt. No. 54.) They have done so, and First Premier has filed its objections.

Finally, on March 5, 2018, Dr. Bliss filed a "Motion for Discovery and Inspection of Evidence," again seeking to challenge the sufficiency of Plaintiff's deposit of $75,000 in interplead funds. (Dkt. No. 57.) Plaintiffs have filed an objection to that motion. (Dkt. No. 60.)

**Discussion**

*Motion to disburse/request for attorneys' funds*

Having approved the deposit of the interpleader funds, the issue of the *amount* of funds available is settled. The Court will first address the issue of Plaintiff's attorney fee award, then turn to the question of how to distribute the remaining funds.

Plaintiff's counsels' second attempt at an attorney fee request is (1) backed by actual billing records and (2) more reasonable than their initial request (cutting the amount requested down to $26,445.50). Plaintiff's counsel satisfactorily describes the ways in which this case was more complicated and required more work than a garden-variety interpleader matter, and on that basis the Court will not disturb the hours claimed by the two attorneys whose fee requests will be upheld.

However, the Court agrees with First Premier on this point: with two associates working on this matter charging $345 and $405 per hour, the Court sees no need for a review of their work by a $440/hour partner in the firm. Accordingly, the Court has reviewed the time sheets

and tallied up all the time that the $440/hour partner spent reviewing the work of the other two attorneys[1] -- the total was nine hours, or $3960 in fees. The Court will deduct that amount from Plaintiff's counsel's revised fee request, resulting in fees of $22,585.50. With the addition of $2,433.81 in costs, the total award comes to $25,019.31.

This leaves $49,980.69 in interplead funds available for distribution to the creditors. Turning first to Dr. Bliss's response to the motion to disburse, the relevant part of her briefing argues that

> [t]here is precedent to pay employee wages and taxes first before settlement of any other claims, and therefore payment of a merchant cash advance, as with First Premier Funding, despite any judgments, should be held in abeyance until employee and tax liabilities are paid.

Dkt. No. 46, Response to Stipulated Motion to Disburse at 2. However, Dr. Bliss cites no precedent for her position, nor does she submit any records to establish what the amount of "employee wages and taxes" might be. The Court finds her position without merit. Her final argument, that First Premier should not be awarded additional attorneys' fees related to this proceeding, is moot – First Premier has not moved for fees or costs.

*Motion for Discovery and Inspection of Evidence*

On March 5, 2018, Dr. Bliss filed a discovery motion, seeking wide-ranging production of evidence related to the money allegedly paid to her company, Qliance, and to the calculations of the money still owed. To call it "untimely" would be an understatement – it was filed nearly 3 months after the Court issued the order to deposit the interplead funds and discharge Plaintiffs

---

[1] The Court did not include in the tally any of the time where it appeared that the partner was doing original work or otherwise not reviewing the work of the other two counsel.

from this action (a motion to which Dr. Bliss filed no timely objection or motion for reconsideration).

Furthermore, the order of discharge only relieves Plaintiff of its obligations regarding the money which was deposited. If Dr. Bliss still believes that Plaintiff owes her money, she is free to commence a lawsuit to pursue those claims, make whatever discovery requests are relevant to any unpaid funds, and so forth. She is not prejudiced by a denial of her motion here.

**Conclusion**

Plaintiff's counsel are granted fees and costs in the amounts described above. The motion to disburse the interplead funds is GRANTED and the funds remaining after Plaintiff's attorneys are paid shall be disbursed as ordered above. Defendant Dr. Bliss's motion to discover and inspect evidence is STRICKEN as untimely.

The clerk is ordered to provide copies of this order to all counsel.

Dated: March 23, 2018.

Marsha J. Pechman
United States District Judge