UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COORDINATED CARE CORPORATION, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>QLIANCE MEDICAL GROUP OF WASHINGTON PC, *et al.*,<br><br>Defendants. | NO. C17-1180MJP<br><br>ORDER REOPENING CASE AND AMENDING PRIOR ORDER (DKT. # 43) |

This matter is again before the Court because there is a dispute regarding the meaning of the December 14, 2017, order allowing interpleader and discharging liabilities (Dkt. # 43). The Honorable Christopher M. Alston, United States Bankruptcy Judge, interpreted the order in such a way that it bars only claims related to the $75,000 in "quality incentive" payments that were deposited in the Registry of the Court and distributed in the above-captioned matter. *In re Qliance Med. Group of Wash., PC*, Adv. No. 19-1081CMA, Dkt. # 36 (B.R. Wash. Nov. 4, 2019). Coordinated Care Corporation ("CCC") appealed Judge Alston's decision to the district court, and the appeal was transferred to the undersigned as related to this interpleader action. *See In re Qliance Med. Group of Wash., PC*, C19-1960MJP (W.D. Wash.). Having reviewed the records in the underlying adversary proceeding and the appeal, as well as the memoranda,

ORDER REOPENING CASE AND
AMENDING PRIOR ORDER (DKT. # 43) - 1

declarations, and exhibits related to the Trustee's September 2019 motion to reopen this matter (Dkt. # 63) and clarify/modify the prior order (Dkt. # 65), the Court finds as follows:

CCC filed this interpleader action in August 2017 alleging that it had accrued a liability to Qliance Medical Group of Washington in the amount of $144,825 under a medical services agreement. Dkt. # 1 at ¶ 21. CCC called this amount the "Obligation," and, because there were competing claims for the money, CCC sought leave to deposit the funds into the Registry of the Court and a release from any and all liabilities arising out of the "Obligation." Dkt. # 1 at ¶ 21 and ¶ 26. Qliance was served with the complaint but did not appear. Dkt. # 22. CCC did not seek a default judgment against Qliance, nor did it serve any subsequent documents on that defendant.

During the course of the proceedings, CCC changed the nature of the relief requested. In November 2017, it announced that, although it originally believed that it owed Qliance $144,825 in "capitalization" payments under the medical services agreement, further reconciliation of its accounts and unspecified calculations showed that, in fact, it owed only $75,000 for "quality incentive" payments. Dkt. # 38 at 3; Dkt. # 39 at ¶¶ 5-6. In its motion for leave to deposit funds and for discharge, CCC requested that it be discharged from future liability (and protected from future lawsuits) related to the deposited funds. Dkt. # 38 at 2. Its proposed order was crafted in such a way that it arguably provides much broader relief, however: the proposed order declared that the $75,000 was "the full amount owed" under the medical services agreement, redefined the term "Obligation," and ostensibly discharged all liabilities and enjoined all future claims arising out of the agreement. Dkt. # 38-1 at 2.

CCC's motion was unopposed, and the Court signed the proposed order. Dkt. # 43. Another claimant - Dr. Erika Bliss, a pro se physician with an interest in the medical services

ORDER REOPENING CASE AND
AMENDING PRIOR ORDER (DKT. # 43) - 2

agreement - filed a belated response arguing that CCC had "incorrectly and untruthfully asserted that the total obligation due" is $75,000, pointing out that there were outstanding and unpaid invoices for $144,925 in "capitation" payments and that CCC owed additional amounts in the form of quality and financial incentive payments. Dkt. # 45. Dr. Bliss sought discovery regarding CCC's payment records and its assertion that only $75,000 was owed under the agreement. Dkt. # 57. CCC opposed reopening the interpleader/discharge order on the grounds that Dr. Bliss' submissions were untimely and were improper in the context of an interpleader action, where the only issue was who had rights to the funds deposited with the court. Dkt. # 60 at 2. CCC specifically asserted that its interpleader action "is designed to only relieve the Plaintiffs from their obligations in connection with the funds deposited in the Court Registry, which Defendant does not appear to contest. If Defendant has any grounds to sustain claims that Plaintiffs owe any amounts in addition to those that are the subject of this proceeding, she can commence an action to pursue those claims . . . ." Dkt. # 60 at 3. The Court adopted CCC's reasoning, almost verbatim, in rejecting Dr. Bliss' efforts to reopen the interpleader/discharge order. Dkt. 61 at 5-6.

CCC's acknowledgment of the limitations of the discharge order did not survive this litigation. When the Trustee of Qliance's bankruptcy estate sought to recover additional amounts CCC owed under the medical services agreement, CCC attempted to use the discharge order to argue that any and all liabilities associated with the agreement had been discharged and that any and all claims arising from the agreement had been enjoined. Judge Alston disagreed and found that this interpleader action resolved the parties' dispute regarding only the amount that was deposited into the Registry of the Court, leaving the Trustee free to seek recovery of other sums

ORDER REOPENING CASE AND
AMENDING PRIOR ORDER (DKT. # 43) - 3

due and owing under the agreement. Adv. No. 19-1081CMA, Dkt. # 36 at 56-57 (B.R. Wash. Nov. 4, 2019).[1] CCC has appealed this ruling.

Federal Rule of Civil Procedure 60(a) authorizes a district court to correct or clarify a judgment or order whenever an error is found, "on motion or on its own, with or without notice." The Court may use the rule "to correct a failure to memorialize part of its decision, to reflect the necessary implications of the original order, to ensure that the court's purpose is fully implemented, . . . to permit enforcement . . . [or] for clarification and explanation, consistent with the intent of the original judgment, even in the absence of ambiguity, if necessary for enforcement." *Garamendi v. Henin*, 683 F.3d 1069, 1079 (9th Cir. 2012) (internal quotation marks omitted). The Court finds that amendment of the interpleader and discharge order is appropriate in this case. The Court was never asked to, and did not, determine how much CCC owed under the medical services agreement: the deposit of the amount that CCC unilaterally calculated as its debt resolves its liability only as to that amount (and only as to the parties who were properly subject to the judgment). The prior order must be clarified to ensure that it reflects the Court's contemporaneous intent and can be properly enforced.

For all of the foregoing reasons, paragraph 3 of the Order Granting Plaintiffs' Motion for Leave to Deposit Funds, to Dismiss and Discharge Liability and for Award of Attorneys' Costs and Fees," Dkt. # 43, is hereby amended to delete the phrase "which represents the full amount owed" and replace it with "which represents the amount Plaintiffs admit is owed." The

---

[1] Judge Alston also noted that, because CCC changed the scope of the relief requested in the interpleader action without giving Qliance notice of the change, the discharge order is not enforceable against Qliance. The Court need not address that finding here.

ORDER REOPENING CASE AND
AMENDING PRIOR ORDER (DKT. # 43) - 4

amendment clarifies that the amount interpled was unilaterally chosen by CCC, that the interpleader relieved CCC from its obligations only with regards to the funds deposited in the Court Registry, and that claimants who believe other monies are owed under the medical services agreement are free to commence a lawsuit to pursue those claims.

DATED this __31st___ day of __March__, 2020.

Marsha J. Pechman
United States District Judge